Paul D. Williams, 07339-051
P.O. Box 5455
12137 CR 46
Tyler, TX 75712-5455

**FILED**
MAY 21, 2021
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

2241 Petition No. 4:21cv457

In The United States District Court
Eastern District of Texas
Sherman Division

Cause No. 4:91-cr-034(1)
4:19-cv-767

Paul D. Williams, aka Paul W. Dann,

v.

United States of America

Letter Motion for Clarification of Amended Judgment in 4:91-cr-034(1)

To: The Honorable Judge Sean D. Jordan:

There are several points in and related to your Amended Judgment that will benefit my understanding and the halfway house's confusion on, they are:

    a) In this Court's Order of February 25, 2021, on Page 5 of 7, you ordered:

"You must reside in a residential reentry center or similar facility, in a prerelease componet for a period of 180 days, to commence upon release from confinement and must observe the rules of that facility. Should you obtain a residence approved by the probation officer during the 180-day placement, you must be released."

The, apparent, misunderstanding with the halfway house is they say that even thou I am here now the 180 day period does not start until I have completed my 420 mont sentence on September 3, 2021.

I disagreed stating that any reading of your order would have the 180 day period starting on my release date from prison (May 5, 2021) and arrival here County Rehabilitation Center Halfway House on the same date.

Would this Court please clarify that meant what is stated in "Should you obtain a residence approved by the probation officer during the 180-day placement, you must be released."

b) On September 21, 2020, Judge Crone

(2)

issued a Final Order in Count Three of 4:91-cr-034, vacating that Count. So in legal terms that conviction, on 18 U.S.C. §924(c) ceased to exist.

This Court at Resentencing Reopened Counts One and Two, kidnapping & felon in possession, and added the remaining portion of Count Three to Count One.

My Attorney failed to inform the Court that at the time of resentencing Count One had been completly served for over 2½ years. If my understanding of United States v. Johnson, 146 L.Ed 39, is correct you could not do what you did. As is stated in the Syllabus: "As a Result Johnson had served 2.5 years too much (as in mine) time in prison and was to be set free.", also saying:

> "While the accused was serving time in federal prison, two of his convictions, [924c] not including the drug possession convictions, were declared invalid. As a Result, the accused had served too much time in prison. The court ordered his immediate release.

(3)

Johnson's case is almost identical to mine; the concurrent sentences had been served when the 924© was vacated thus there existed no sentence to enhance. I requested a copy of your order in this matter from Ms Benson but did not receive it until mid-April and have been held in SHU (the hole) since sentencing until my arrival at CRC. (I was in pre release quarantine)

(c) Ms Benson, my attorney, at the hearing on February 25, 2021, in your Court testified that because was/is no longer a crime of violence I was no longer a career offender. She also stated that because the career offender was not a part of this 2255 she could not argue the issue.

The above is not correct, in this second + successive 28 U.S.C. § 2255 ground three Reads; "That because kidnapping was no longer a crime of violence I was no longer a career offender." This ground was argued by me in my Memorandum of Law submitted with the 2255. The government did not brief the

-4-

issue. Because of the COVID-19 lockdown at F.C.I. Texarkana my research on the career offender issue was minimal, but, in my opinion the issue should have been addressed at the February 25, 2021, Resentencing in your Court, as the career offender enhancement was 13+ years of my sentence, the fact that I am now not a career offender is supported by case law:

Allen v. Ives, 950 F.3d 1184 @ 1189 (2014-9th Cir.) Ruling that a career offender enhancement based on a 924(e) conviction related to a predicate offense that is now, since Davis, nonviolent is: "actually innocent of crime that would qualify him for career offender." also see Stevens, 464 F.3d @ 899

Also from the Eastern District of Texas: Bracken v. United States, 1:16-cv-381, District Court Beaumont July 2020. Denied on career offender but would have granted if predicate offense had been nonviolent. Also see: United States v. Williams, H-14-41-1, Southern District of Texas, Houston Division - (Sept-2020)

-5-

Serrano v. United States, 3:19-cv-00919, MD (TENN-Sept 2020) Reversed career offender based on 924(c). I feel being that the issue was a part of the 2255 Ground Three, career offender should have been addressed.

d) Mandatory Assessments. By law the hearing on February 25th, should have been conducted under the Guidelines + laws in effect at the time of the crime, 1991. In May 1992, at sentencing this court assessed me a $50.00 payment for each crime of conviction for a total of $150.00, that was paid. At the hearing, at one part of Amended Judgment you assessed a $100.00 charge for the kidnapping and the same for the felon in Possession at the end the Judgment read $50.00 each. In my opinion there should be no assessment as I was in court for an error of law, not any act on my part.

Also, the Court should have the $50.00 assessment for the 924(c) conviction refunded. U.S. v. Fairley, 772 Fed Appx 204 (5th Circ 2019), United States v. Puma, 2:89-CR-0029 (ND of Texas, 1992); and, United States v. Bass, No. 03:41145, Fed Appx 997 (5th Circ 2004)

What I Respectfully Request is:

1) That the 180 day period I am to stay at the County Rehibilition Center, Tyler Texas ordered by this Court begin on May 5, 2021, the date I was released from F.C.I. Texarkana, Texas. The center is under the impression the 180 days period does not start until September 3, 2021, the expiration date of my sentence.

2) With the supervised Release officer's approval I be permitted to transfer my supervised Release to Shreveport, Louisana

The victim in this case Lisa McBryde, my ex-wife and my son came for a visit this last Sunday, we all agree it would be best for our relationship if I were in Shreveport. Joseph, my son and his lady are looking for a home large enough for Joseph, his lady & I to live.

Joseph has had some problems adjusting to life where "everyone had a dad but me" this is according to his mother, Lisa (the victim). She also says that he has done a 180° turn around since they picked me up a F.C.I Texarkana

-7-

on May 5th. Lisa also stated that if a hearing is required she & Joseph would pick me up & bring me to Court.

3) It is Requested that this Court amend its order of February 25, 2021, to Read: Count Three is vacated and the 360 month kidnapping and 120 month felon in possession are discharged.

This will, at best, put me on supervised release a month or two early but the effect on my Social Security starting date would a few months sooner.

I realize you stated I had not changed. One of my items on my "goals to achieve" list is to prove you wrong.

Executed this 19th day of May, 2021,

Paul D. Williams

Respectfully submitted,
Paul Williams, aka Paul Dans
P.O. Box 5455
Tyler, TX 75712

-8-

Paul Williams
12137 CR 46
Tyler, TX 75712



NORTH TEXAS TX P&DC
DALLAS TX 750
19 MAY 2021 PM 2 L

Legal mail

Clerk of Court
United States District Court
Eastern District of Texas
Sherman Division
101 E Pecan
Sherman, TX 75090

75090-598597